IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

    v.

CYCLONE DRILLING, INC.,

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of gender, male, and retaliation.  This action seeks to provide appropriate relief to Mark Lujan who was adversely affected by such practices.  Mr. Lujan was repeatedly subjected to harassment based on his gender, male.  EEOC further alleges that Defendant failed to take prompt and effective remedial action to stop the harassment.  As a result of the unchecked harassment, the conditions of harassment were made intolerable and Mr. Lujan was forced to resign his position.  In addition, when Mr. Lujan informed the Company that he had filed a charge of discrimination, he was discharged in retaliation for exercising that right.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and

- 1 -

1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a), 2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Cyclone Drilling, Inc. (the "Employer"), has continuously been doing business in the State of Colorado and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Mark Lujan filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant   All conditions precedent to the institution of this lawsuit have been fulfilled.

### FIRST CLAIM: HOSTILE WORK ENVIRONMENT/HARASSMENT

7. Since at least 2004, Defendant has engaged in unlawful employment practices at its facilities in Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

- 2 -

8. Mark Lujan was employed by Defendant starting in December 2003.

9. During his employment, Mr. Lujan was subjected by Jim Stout to unwelcome touching and unwelcome comments about his body, as well as sexual comments.

10. Jim Stout was a supervisory employee of Defendant.

11. Mr. Lujan repeatedly complained to Neil Ward and Michael Seaman about the sexual harassment.

12. Both Mr. Ward and Mr. Seaman were supervisory employees of Defendant.

13. Despite Mr. Lujan's complaints, Defendant took no action to stop the harassment.

14. The harassment continued unabated.

## SECOND CLAIM:  CONSTRUCTIVE DISCHARGE

15. EEOC realleges the foregoing paragraphs 1 to 14 of this Complaint.

16. After Mr. Lujan complained about the harassment, Defendant took no action to stop the harassment.  The harassment and unequal treatment continued.

17. The physical and verbal harassment was sufficiently severe or pervasive as to alter the terms and conditions of employment for Mr. Lujan.

18. Until on or about August 14, 2004, the unabated name-calling and heightened scrutiny cumulated so that Mr. Lujan found the work environment intolerable and he was forced to quit his job.

## THIRD CLAIM:  RETALIATION

19. EEOC realleges the foregoing paragraphs 1 to 18 of this Complaint.

20. Since at least 2004, Defendant has engaged in unlawful employment practices at its facilities in Colorado, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-2(a).

21. On or about November 25, 2005, Defendant re-hired Mark Lujan.

22. Mr. Lujan told employees of Defendant, including his supervisor, that he was pursing a claim of discrimination against the Company.

23. On or about November 28, 2005, as a result of Mr. Lujan exercising his right to complain of discrimination, Defendant terminated his employment.

24. The effect of the practices complained of in paragraphs 7 – 23, above, has been to deprive Mark Lujan of equal employment opportunities because of his gender, male, and because of retaliation.

25. The unlawful employment practices complained of in paragraphs 7 – 23, above, were and are intentional.

26. The unlawful employment practices complained of in paragraphs 7 – 23, above, were done with malice or with reckless indifference to the federally protected rights of Mr. Lujan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of gender and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for male employees and those who oppose discrimination or participate in proceedings opposing discrimination and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mark Lujan, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or frontpay.

D. Order Defendant to make whole Mark Lujan, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make whole Mark Lujan by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 28, 2007

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 L Street, N.W.
    Washington, D.C.  20507

    MARY JO O'NEILL
    Regional Attorney
    Phoenix District Office

*s/ Rita Byrnes Kittle*
RITA BYRNES KITTLE
Acting Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave Suite 510
Denver, CO 80203
Telephone: 303-866-1347
Fax: 303-866-1375
Email: rita.kittle@eeoc.gov

*s/ Nancy A. Weeks*
NANCY A. WEEKS
Senior Trial Attorney
EEOC Denver Field Office
303 E. 17th Ave Suite 510
Denver, CO 80203
Telephone: 303-866-1947
Fax: 303-866-1375
Email: nancy.weeks@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**