IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02033-WDM-KMT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

  v.

CYCLONE DRILLING, INC.,

        Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests, such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets or other confidential research, development, or commercial information within the meaning of Fed.R.Civ.P. 26(c)(7); (c) medical, financial, or tax records of Mr. Mark Lujan; and (d) private personnel records of current or former employees of Defendant. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. By producing documents that have been designated as CONFIDENTIAL pursuant to this Order, the parties do not waive, but rather expressly reserve any and all legal rights, privileges, or immunities applicable to such documents.

5. If a producing party inadvertently fails to stamp certain documents upon their production, that party may designate such documents as CONFIDENTIAL by giving notice to all parties within 45 days of production of the material that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material as CONFIDENTIAL as described above. In the event documents which are claimed to be privileged or subject to the work-product doctrine are inadvertently produced, such documents shall be returned by the receiving party within two days of any written request therefore, unless the receiving party challenges the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the document(s). While such application is pending, the receiving party shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of any document claimed to

be privileged or subject to the work-product doctrine shall not constitute a waiver of such privilege.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

- a) attorneys actively working on this case;
- b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
- c) the parties, including designated representatives for the entity defendant;
- d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
- e) the Court and its employees ("Court Personnel");
- f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
- g) deponents to the extent reasonably necessary to examine such witness at the deposition;
- h) witnesses, or potential witnesses; and
- i) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and

stenographic reporters), counsel shall provide such person with a copy of this Protective Order and explain the person's obligations under the Protective Order.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. In the event any party desires to file a document, brief, memorandum, or any other paper with this Court which contains any individual's social security number, the party shall redact the social security number prior to filing the document. Further, with respect to any particularly sensitive information, such as an employee's drug test results, or Defendant's trade secrets or financial information, such sensitive information shall be designated as "Sensitive" by the parties and filed under seal with the Court in

conformance with D.C.COLO.LCivR. 7.3A.  A party may object to the designation of Sensitive in accordance with the procedures in Paragraph 13.

13.   In the event any CONFIDENTIAL information is used in any court proceeding herein, including deposition, subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose its confidential status through such use.

13.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14.   This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL or SENSITIVE material in depositions, pleadings or motions, or at trial,

or in post-trial motions or proceedings, provided that all such uses be related to the prosecution or defense of this case.  Notwithstanding that CONFIDENTIAL or SENSITIVE documents may be used, this Stipulated Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR 7.2 to seal all or a portion of papers and documents filed with the Court.  In addition, the parties agree to comply with D.C.COLO.LCivR. 7.3 regarding procedures for filing papers and documents under seal.

15. In the event any person or party that has possession, custody, or control of any information designated as CONFIDENTIAL pursuant to the terms of this Protective Order receives a subpoena, other process or order, or a request, including, without limitation, a document request from a third party, a request by any governmental agency to produce such information, such person or party shall provide at least 15 days notice by e-mail to the counsel for the party or persons claiming CONFIDENTIAL treatment of the documents sought by such subpoenas or other process or order and shall furnish such counsel with a copy of said subpoena or other process or order.  The party asserting the CONFIDENTIAL treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or process or order shall be entitled to comply with it except: (a) to the extent the party asserting the CONFIDENTIAL treatment is successful in obtaining an order modifying or quashing it; and (b) in complying with the process or order shall, at a minimum, seek to obtain confidential treatment of the CONFIDENTIAL information before producing it in the other proceeding or action.  In the course of this litigation, Cyclone may provide trade secrets and other commercial or financial information, as well as personnel files

and other confidential documents. The EEOC agrees to provide Cyclone with at least 15 days notice if any information disclosed by Cyclone in the course of this litigation is subject to a FOIA request. The EEOC also agrees to comply with all of its regulations, procedures and applicable statutes with regard to any CONFIDENTIAL or SENSITIVE information received from Cyclone in the course of this litigation, and agrees not to disclose such information unless required to do so by law.

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, provided, however, that counsel for each party may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

17. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 27th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
_____
United States Magistrate Judge

STIPULATED AND APPROVED:

| | |
|---|---|
| RITA BYRNES KITTLE<br>Supervisory Trial Attorney<br><br>s/ *Stephanie Struble*<br>STEPHANIE STRUBLE<br>Trial Attorney<br>(303) 866-1381<br>stephanie.struble@eeoc.gov<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Denver Field Office<br>303 E. 17th Ave., Suite 510<br>Denver, CO 80203 | s/ *Dmitry Bam*<br>Steven M. Kaufmann<br>Dmitry Bam<br>Morrison & Foerster LLP<br>5200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202-5638<br>Telephone: 303.592.1500<br>Facsimile: 303.592.1510<br>SKaufmann@mofo.com<br>DBam@mofo.com<br><br>Attorneys for Defendant<br>CYCLONE DRILLING, INC. |

.